EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR OFFICE USE ONLY**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1
through 10, inclusive

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 0 4 2023

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANNETH QUERIAPA HUASTE, an individual

BY: Jasmine Bolanos, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: County of San Bernardino Superior Court<br>*(El nombre y dirección de la corte es):*<br>San Bernardino Justice Center, 247 W 3rd Street, San Bernardino, CA 92415 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVSB 2 3 1 7 8 9 6 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael H. Rosenstein, Esq., CALIFORNIA CONSUMER ATTORNEYS, P.C.
10866 Wilshire Blvd, Suite 1200, Los Angeles, CA 90024 – Tel: (310) 872-2600

| DATE: AUG 0 4 2023 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* Jasmine Bolanos | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NISSAN NORTH AMERICA, INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*[SEAL]*
COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  **CALIFORNIA CONSUMER ATTORNEYS, P.C.**
   Michael H. Rosenstein (SBN 169091)
2  mhr@calattorneys.com
   Sepehr Daghighian (SBN 239349)
3  sd@calattorneys.com
   Alastair F. Hamblin (SBN 282044)
4  afh@calattorneys.com
   10866 Wilshire Blvd, Suite 1200
5  Los Angeles, CA 90024
   Telephone: (310) 872-2600
6  Facsimile: (310) 730-7377
7
8  Attorneys for Plaintiff,
   **JANNETH QUERIAPA HUASTE**
9
                  **SUPERIOR COURT OF CALIFORNIA**
10
                   **COUNTY OF SAN BERNARDINO**
11
                        CIV SB 2 3 1 7 8 9 6
12  JANNETH QUERIAPA HUASTE, an          Case No.: _____
    individual,                         Unlimited Jurisdiction
13
14          Plaintiff,                  **COMPLAINT**
15      vs.
                                        1.  **VIOLATION OF SONG-BEVERLY
16                                          ACT - BREACH OF EXPRESS
    NISSAN NORTH AMERICA, INC., a Delaware   WARRANTY**
17  Corporation, and DOES 1 through 10, inclusive,
                                        2.  **VIOLATION OF SONG-BEVERLY
18                                          ACT - BREACH OF IMPLIED
            Defendants.                     WARRANTY**
19
                                        3.  **VIOLATION OF THE SONG-
20                                          BEVERLY ACT SECTION 1793.2(b)**
21
22
23
24
25
26
27
28

                              -1-
                           COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 0 4 2023

BY: Jasmine Bolanos   Jasmine Bolanos   Deputy

1    Plaintiff, JANNETH QUERIAPA HUASTE, an individual, alleges as follows against
2    Defendants NISSAN NORTH AMERICA, INC., a Delaware Corporation ("Nissan North America,
3    Inc."), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable
4    inquiry under the circumstances:

**DEMAND FOR JURY TRIAL**

6    1.    Plaintiff, Janneth Queriapa Huaste, hereby demands trial by jury in this action.

**GENERAL ALLEGATIONS**

8    2.    Plaintiff, Janneth Queriapa Huaste, is an individual residing in the City of Phelan,
9    State of California.

10    3.    Defendant Nissan North America, Inc. is and was a Delaware Corporation operating
11    and doing business in the State of California.

12    4.    These causes of action arise out of the warranty obligations of Nissan North America,
13    Inc. in connection with a vehicle purchased by Plaintiff and for which Nissan North America, Inc.
14    issued a written warranty.

15    5.    Plaintiff does not know the true names and capacities, whether corporate, partnership,
16    associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under
17    the provisions of section 474 of the California Code of Civil Procedure.  Defendant Does 1 through
18    10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth
19    herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set
20    forth the true names and capacities of the fictitiously named Defendant, together with appropriate
21    charging allegations, when ascertained.

22    6.    All acts of corporate employees as alleged were authorized or ratified by an officer,
23    director, or managing agent of the corporate employer.

24    7.    Each Defendant, whether actually or fictitiously named herein, was the principal,
25    agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or
26    within the course and scope of such employment or agency, took some part in the acts and omissions
27    hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for
28    herein.

-2-

COMPLAINT

8.     On July 20, 2022, Plaintiff purchased a 2022 Nissan Kicks, having VIN No. 3N1CP5BVXNL525160 ("the Subject Vehicle"). Express warranties accompanied the sale of the Subject Vehicle to Plaintiff by which Nissan North America, Inc. undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

9.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electrical defects, braking system defects and other serious nonconformities to warranty.

10.     Plaintiff hereby revokes acceptance of the sales contract.

11.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

12.     Plaintiff is a "buyer" of consumer goods under the Act.

13.     Defendant Nissan North America, Inc. is a "manufacturer" and/or "distributor" under the Act.

14.     To the extent that one or more class action lawsuits have been filed or are filed with respect to the nonconformities affecting Plaintiff's vehicle, without conceding the necessity of supplying such notice, Plaintiff hereby provides notice to Defendant and/or Defendant's agents of Plaintiff's intent to opt-out and be excluded from the settlement class of said class action lawsuit(s).

15.     Plaintiff hereby demands trial by jury in this action.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Express Warranty

16.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

17.     Express warranties accompanied the sale of the vehicle to Plaintiff by which Nissan North America, Inc. undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

-3-

COMPLAINT

18.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electrical defects, braking system defects and other serious nonconformities to warranty.

19.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

20.     Plaintiff is the "buyer" of consumer goods under the Act.

21.     Defendant Nissan North America, Inc. is a "manufacturer" and/or "distributor" under the Act.

22.     The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

23.     Plaintiff delivered the vehicle to an authorized Nissan North America, Inc. repair facility for repair of the nonconformities.

24.     Defendant was unable to conform Plaintiff's vehicle to the applicable express after a reasonable number of repair attempts.

25.     Notwithstanding Plaintiff's entitlement, Defendant Nissan North America, Inc. has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

26.     By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27.     Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

28.     Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

29.     Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a

-4-

COMPLAINT

1 | sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably
2 | incurred in connection with the commencement and prosecution of this action.

3 |      30.    Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in
4 | addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages
5 | for Nissan North America, Inc.'s willful failure to comply with its responsibilities under the Act.

6 | **SECOND CAUSE OF ACTION**

7 | **Violation of the Song-Beverly Act – Breach of Implied Warranty**

8 |      31.    Plaintiff incorporates herein by reference each and every allegation contained in the
9 | preceding and succeeding paragraphs as though herein fully restated and re-alleged.

10 |      32.    Nissan North America, Inc. and its authorized dealership at which Plaintiff purchased
11 | the Subject Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the
12 | Subject Vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided
13 | for under the law.

14 |      33.    Among other warranties, the sale of the Subject Vehicle was accompanied by an
15 | implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

16 |      34.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are
17 | used because it was equipped with one or more defective vehicle systems/components.

18 |      35.    The Subject Vehicle did not measure up to the promises or facts stated on the
19 | container or label because it was equipped with one or more defective vehicle systems/components.

20 |      36.    The Subject Vehicle was not of the same quality as those generally acceptable in the
21 | trade because it was sold with one or more defective vehicle systems/components which manifest as
22 | lectrical defects, braking system defects and other serious nonconformities to warranty.

23 |      37.    Upon information and belief, the defective vehicle systems and components were
24 | present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied
25 | warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other
26 | applicable laws.

27 |      38.    Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil
28 | Code, section 1794, *et seq*;

COMPLAINT

1    39.    Plaintiff hereby revokes acceptance of the Subject Vehicle.

2    40.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section

3  1794, *et seq.*

4    41.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794,

5  *et seq.* and Commercial Code, section 2711.

6    42.    Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages

7  under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

8                          **THIRD CAUSE OF ACTION**

9                **Violation of the Song-Berverly Act Section 1793.2(b)**

10    43.    Plaintiff incorporates herein by reference each and every allegation contained in the

11  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

12    44.    Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells

13  consumer goods in California, for which it has made an express warranty, shall maintain service and

14  repair facilities or designate and authorize independent service and repair facilities to carry out the

15  terms of those warranties.

16    45.    Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of

17  goods is necessary because they do not conform with the applicable express warranties, service and

18  repair shall be commenced within a reasonable time by the manufacturer or its representative.

19    46.    Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced

20  or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable

21  time.

22    47.    The sale of the Subject Vehicle was accompanied by express warranties, including a

23  warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective

24  parts, including the electrical system.

25    48.    Plaintiff delivered the Subject Vehicle to Nissan North America, Inc.'s authorized

26  service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of

27  defects, which amount to a nonconformities to the express warranties that accompanied the sale of

28  the Subject Vehicle.

-6-

COMPLAINT

49.     Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and Nissan North America, Inc. has failed to tender the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

50.     Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*;

51.     Plaintiff hereby revokes acceptance of the Subject Vehicle.

52.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

53.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

54.     Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

55.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

56.     Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that Nissan North America, Inc. has willfully failed to comply with its responsibilities under the Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.     For general, special and actual damages according to proof at trial;

2.     For rescission of the purchase contract and restitution of all monies expended;

3.     For diminution in value;

4.     For incidental and consequential damages according to proof at trial;

5.     For civil penalty in the amount of two times Plaintiff's actual damages;

6.     For prejudgment interest at the legal rate;

7.     For reasonable attorney's fees and costs and expenses of suit; and

-7-

COMPLAINT

8.   For such other and further relief as the Court deems just and proper under the circumstances.

Dated:  August 3, 2023

**CALIFORNIA CONSUMER ATTORNEYS, P.C.**

Michael H. Rosenstein, Esq.
Sepehr Daghighian, Esq.
Alastair F. Hamblin, Esq.
Attorneys for Plaintiff,
**JANNETH QUERIAPA HUASTE**

Plaintiff, **JANNETH QUERIAPA HUASTE**, hereby demands trial by jury in this action.

-8-

COMPLAINT